IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ROSA FITZHUGH, | : | |
|     Movant, | : | CRIMINAL ACTION NO. |
| | : | 1:18-CR-0242-AT |
| v. | : | |
| | : | CIVIL ACTION NO. |
| UNITED STATES OF AMERICA, | : | 1:20-CV-0520-AT |
|     Respondent. | : | |

**ORDER**

Presently before the Court is the Magistrate Judge's Report and Recommendation (R&R), [Doc. 57], recommending that the pending 28 U.S.C. § 2255 motion to vacate, [Doc. 48], be denied. Petitioner has filed her objections in response to the R&R. [Doc. 60]. Movant has also filed a motion for relief under the First Step Act. [Doc. 61].

**I. The Magistrate Judge's R&R**

A district judge has broad discretion to accept, reject, or modify a magistrate judge's proposed findings and recommendations. United States v. Raddatz, 447 U.S. 667, 680 (1980). Pursuant to 28 U.S.C. § 636(b)(1), the Court reviews any portion of the Report and Recommendation that is the subject of a proper objection on a *de novo* basis and any non-objected portion under a "clearly erroneous" standard. "Parties filing objections to a magistrate's report and recommendation must specifically

identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988).

Movant entered a negotiated plea of guilty in this Court to healthcare fraud, and this Court imposed a below-guidelines sentence of twenty-five months of incarceration. In her § 2255 motion, Movant contends that her trial counsel was ineffective for (1) failing to call certain witnesses at her sentencing hearing, (2) failing to advise her about the immigration consequences of her guilty plea, and (3) failing to move to suppress unspecified evidence and present unspecified evidence and legal authority during her sentencing hearing.

The Magistrate Judge concluded that Movant is not entitled to relief. With respect to her first claim, Movant failed to demonstrate that her proposed witnesses would have changed the sentence that this Court imposed. The Magistrate Judge further found that Movant was fully informed of the possible immigration consequences of her plea in her plea agreement and during her plea hearing, and she thus could not demonstrate prejudice in connection with her attorney failing to advise her. In any event, the Magistrate Judge found that her trial counsel did properly advise her about possible immigration consquences.

Finally, the Magistrate Judge concluded that Movant's third claim regarding her counsel's failure to suppress evidence, present evidence, and cite to legal authority is entirely conclusory. Movant failed to identify the evidence that trial counsel should have sought to suppress/present or the legal authority that counsel should have argued.

In her objections, Movant first argues that she is entitled to a hearing regarding the witnesses that she now claims that her trial counsel should have called during the sentencing hearing. However, this Court agrees with the Magistrate Judge that Movant's proposed testimony, which she claims would have rebutted the testimony of the Government's witnesses, would not have resulted in a different sentence. Even without the Government's witnesses' testimony, this Court would have imposed the same sentence. Having reviewed the record of this action, this Court is reminded that Movant was clearly informed by Wellcare Health Plans that the manner in which she was billing medicare was wrong and that she could not do it that way. Wellcare terminated Movant's contract and required her to reimburse payments that it had made to her. Despite the fact that Movant had been, in effect, caught "red-handed" and been sanctioned for her improper activities, she continued to defraud medicare in extensive fashion. [Doc. 47 at 123]. It is that behavior that most concerned this Court. The testimony of the three witnesses that Movant now contends should have been rebutted concerned a rather minor portion of her fraudulent activities, and that testimony was

not a significant determinant in the sentence this Court imposed. This Court thus agrees with the Magistrate Judge that Movant cannot demonstrate prejudice with regard to her counsel's failure to call certain witnesses during her sentencing hearing.

The remainder of Movant's objections merely recites legal standards and makes conclusory pronouncements, none of which tend to demonstrate that the Magistrate Judge erred or that Movant is entitled to relief. Having reviewed the record in light of Movant's objections, this Court concludes that the Magistrate Judge is correct and that the R&R is due to be adopted.

## II. Compassionate Release Under the First Step Act

In her motion for compassionate release, [Doc. 61], Movant generally states that she is unhappy at her current prison in Alabama, that she does not get to see her baby, and that she has taken classes and is now qualified as an immigration paralegal. She seeks an order that she be placed in community confinement for the last nine months of her sentence, and states that someone at her prison informed her that the only way she could be placed in community confinement for the last nine-months of her sentence would be for this Court to order it. However, in 18 U.S.C. § 3621(b) Congress gave the Bureau of Prisons (BOP), not the Court, the authority to designate Movant's place of imprisonment. "[T]his Court lacks the authority or ability to designate anything

more than the length of confinement." Hurt v. Fed. Bureau of Prisons, 323 F. Supp. 2d 1358, 1366 (M.D. Ga. 2003).

Regarding the First Step Act, when seeking compassionate release in the district court, the movant must first file an administrative request with the BOP and then either exhaust administrative appeals or wait thirty days after submitting the request to the BOP if she receives no response. See 18 U.S.C. § 3582(c)(1)(A)(i). Movant has not demonstrated that she has exhausted her remedies with the BOP. Nor has she shown the combination of heightened personal medical or age related or other unique circumstances that might establish at least a preliminary factual basis for a viable claim for compassionate release. The Court is sympathetic to Defendant's family circumstance and desire to protect her children. But as a whole, the Court took Defendant's life history and circumstances into account in providing a below guidelines sentence.

### III. Conclusion

For the reasons stated, the R&R, [Doc. 57], is hereby **ADOPTED** as the order of this Court, and Movant's 28 U.S.C. § 2255 motion to vacate, [Doc. 48], is **DENIED**. Movant's motion for an extension to file her objections, [Doc. 59], is **GRANTED**, nunc pro tunc, and her objections are accepted as properly filed.

AO 72A
(Rev.8/82)

Movant's motion for release to community confinement pursuant to the First Step Act, [Doc. 61], is **DENIED WITHOUT PREJUDICE**.

This Court further agrees with the Magistrate Judge that Movant has not "made a substantial showing of the denial of a constitutional right," 28 U.S.C. §2253(c)(2), and a certificate of appealability is **DENIED**.

The Clerk is **DIRECTED** to close civil action numbers 1:20-CV-0520-AT and 1:20-CV-2625-AT.

**IT IS SO ORDERED**, this 29th day of June, 2020.

_____
**AMY TOTENBERG**
**UNITED STATES DISTRICT JUDGE**

AO 72A (Rev.8/82)